George James
Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
Telephone: 307-635-3119

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES, <br> KELLY JAMES <br><br> PLAINTIFFS, <br><br> vs. <br><br> CAPITOL RECOVERIES, INC. <br><br><br> DEFENDANT | Case Number: 12-CV-168-F <br><br><br><br> **Jury Trial Demanded** |

## COMPLAINT

Plaintiffs, GEORGE JAMES and KELLY JAMES (hereinafter "Plaintiffs"), on this 9th day of August, 2012, brings this action against Defendant Capitol Recoveries, Inc. (hereinafter "CRI") on the grounds and in the amounts set forth herein.

### I. INTRODUCTION

1. This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiffs institute this action for statutory damages, actual damages, punitive damages, and the costs of this action, against the Defendant for multiple violations of

Summons issued Receipt # 15132

the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. §1692 *et seq.*, Fair Credit Reporting Act 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA"), seeks declaratory judgment ruling Defendant CRI violated Wyoming Statutes Annotated § 40-12-101 *et seq.* Wyoming Consumer Protection Act (hereinafter "WCPA"), breach of contract, breach of the implied covenant of good faith and fair dealing, invasion of privacy, and intentional infliction of emotional distress.

## II. PARTIES

2. Plaintiffs are natural persons, residing in Cheyenne, Laramie County, Wyoming.

3. Defendant CRI is a Wyoming corporation with its principal place of business at 3151 Nationway, Unit K11, Cheyenne, Wyoming 82001. Defendant CRI is registered with the Wyoming Secretary of State with a filing number of 1987-000240164.

4. Defendant CRI is a debt collector engaged in the collection of alleged consumer debts using the telephone, the United States Postal Service, and all other means at its disposal.

5. Defendant CRI regularly attempts to collect consumer debts alleged to be due to another.

6. Defendant CRI is operating as a "debt collector" and a "collection agency" in the state of Wyoming, as Defendant CRI uses and used the United States Postal Service and conducts the business of a collection agency in the state of Wyoming.

## III. JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court by the FDCPA, 15 U.S.C. § 1692k(d), FCRA, 15 U.S.C. § 1681(p), 28 U.S.C. § 1331, and 28 U.S.C. § 1367. This honorable Court is a Court of competent jurisdiction which has original jurisdiction over Plaintiffs federal claims and is

authorized by the FDCPA and FCRA to hear and adjudicate Plaintiffs claims against Defendant CRI.

8. As Plaintiffs state claim is related to Plaintiffs federal claims, are inextricably entwined and arise out of a common nucleus of related facts, this Court has supplemental jurisdiction to hear Plaintiffs state claim against Defendant CRI.

9. Plaintiffs state claim is related to Plaintiffs federal claims as those claims form part of the same case of controversy under Article III of the United States Constitution.

10. Plaintiffs state claim is not complex or novel and is straightforward.

11. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

12. Declaratory judgment is just and proper in this case, as declaratory judgment will send the appropriate message to the Defendant CRI that their conduct will continue to subject them to future damages.

13. Venue is proper as all alleged conduct by Defendant CRI took place in Cheyenne, Wyoming, while the Plaintiffs were residing in Cheyenne, Wyoming.

## IV. STATUTORY STRUCTURE FDCPA

14. The FDCPA is a strict liability statute and no section of the FDCPA requires an inquiry into the worthiness of the debtor or purports to protect only deserving debtors. The FDCPA protects all consumers, from the gullible to the shrewd.

15. The existence or validity of the underlying debt is not material in a FDCPA action.

16. Under the FDCPA, whether conduct or action violates the FDCPA is to be determined by analyzing the conduct or action from the perspective of the least sophisticated consumer.

17. Under the FDCPA, there is no requirement that any intent to deceive be established when evaluating if certain conduct or actions violated or violates the FDCPA.

18. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. *See 15 U.S.C. § 1692a(3).*

19. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. *See 15 U.S.C. § 1692a(5).*

20. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. *See 15 U.S.C. § 1692a(6).*

21. Under the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. *See 15 U.S.C. § 1692d.*

22. Under the FDCPA, a debt collector may not place telephone calls without meaningful disclosure of the caller's identity. *See 15 U.S.C. § 1692d(6).*

23. Under the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *See 15 U.S.C. § 1692e.*

24. Under the FDCPA, a debt collector may not misrepresent the character, amount, or legal status of an alleged debt. *See 15 U.S.C. § 1692e(2).*

25. Under the FDCPA, a debt collector may not make the false representation or implication that any individual is an attorney or that any communication is from an attorney. *See 15 U.S.C. § 1692e(3)*.

26. Under the FDCPA, a debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken. *See 15 U.S.C. § 1692e(5)*.

27. Under the FDCPA, a debt collector may not communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. *See 15 U.S.C. § 1692e(8)*.

28. Under the FDCPA, a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. *See 15 U.S.C. § 1692e(10)*.

29. Under the FDCPA, a debt collector may not use any business, company, or organization name other than the true name of the debt collector's business, company, or organization. *See 15 U.S.C. § 1692e(14)*.

30. Under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. *See 15 U.S.C. § 1692f*.

31. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorneys' fees as determined by the Court and costs of this action. *See 15 U.S.C. § 1692k*.

## V. STATUTORY STRUCTURE FCRA

32. The Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") purpose is to create accuracy

and fairness in credit reporting. "It is the purpose of this title to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is **fair and equitable to the consumer**, with regard to the confidentiality, accuracy, **relevancy**, and proper utilization of such information in accordance with the requirements of this title." *See 15 U.S.C. § 1681*, emphasis added.

33. Under the FCRA, the term "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." *See 15 U.S.C. § 1681a(b)*.

34. Under the FCRA, the term "consumer" means an individual." *See 15 U.S.C. § 1681a(c)*.

35. Under the FCRA, the term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." *See 15 U.S.C. § 1681a(3)(f)*.

36. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or

insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other authorized purpose. *See 15 U.S.C. § 1681a(d)(1).*

37. Under the FCRA, if the consumer disputes any item, the consumer reporting agency must reinvestigate. *See 15 U.S.C. § 1681i(a)(1).*

38. Under the FCRA, the consumer reporting agency must notify the furnisher reporting the inaccuracy of the dispute. *See 15 U.S.C. § 1681i(a)(2).*

39. Under the FCRA, subsection (b) imposes a number of duties on furnishers of information upon receiving notice from a consumer reporting agency of "a dispute with regard to the completeness or accuracy of any information provided . . . to [the agency]," including: (1) to conduct a reasonable investigation of the disputed information; (2) to review the information regarding the dispute provided by the consumer reporting agency; (3) to report the results to the consumer reporting agency; (4) to report any incomplete or inaccurate information to other consumer reporting agencies; and (5) to correct or remove the inaccurate or incomplete information. *See 15 U.S.C. § 1681s-2(b) et. seq.*

40. Under the FCRA, any debt collector who fails to comply with the provisions of the FCRA is liable for actual damages, statutory damages up to $1,000, punitive damages, attorneys' fees as determined by the Court, and costs of this action. *See 15 U.S.C. § 1681n.*

### VI. STATUTORY STRUCTURE WCPA

41. Under the WCPA, it is unlawful to engage in unfair or deceptive acts or practices. *See Wyoming Statutes Annotated § 40-12-105.*

42. Under the WCPA, a person engages in a deceptive trade practice unlawful under this act

when, in the course of his business and in connection with a consumer transaction, he knowingly engages in unfair or deceptive acts or practices. *See Wyoming Statutes Annotated § 40-12-105(a)(xv).*

43. Under the WCPA, a person relying upon an uncured unlawful deceptive trade practice may bring an action under this act for actual damages. *See Wyoming Statutes Annotated § 40-12-108.*

## VII. FACTS COMMON TO ALL COUNTS

44. On or about October 20, 2011 CRI filed a Complaint for money judgment against the James's in the Laramie County Circuit Court, Cheyenne, Wyoming, docket number 2011-3273 (the "Prior Action").

45. In their Complaint in the Prior Action, CRI alleged charges of $1,109.85 were incurred by the James's for goods and or services provided.

46. On December 19, 2011, the James's filed an Answer and Counterclaim.

47. The parties to the Prior Action negotiated a settlement of all claims that were or could have been asserted by either party.

48. The settlement reached was memorialized in a Settlement Agreement executed by all parties on February 14, 2012 (the "Settlement Agreement").

49. The Settlement Agreement was drafted by the attorney representing CRI in the Prior Action.

50. Pursuant to the Settlement Agreement, CRI agreed that "Any and all debts placed with the Plaintiff shall be written off by the Plaintiff and no longer pursued for collection."

51. On or about February 15, 2012, CRI mailed or caused to be mailed, under the direct authority and supervision of CRI, voluntarily, and in direct violation of the lawfully executed Settlement Agreement, an initial communication letter to Mrs. James alleging money owed for an account placed with CRI for collection, account number 1112165.

52. On March 16, 2012, on or about 11:16am, a debt collector working under the direct authority and supervision of CRI, advising her name was Amber, voluntarily, while uninvited and in direct violation of the lawfully executed Settlement Agreement, intruded into the home of the Plaintiffs' and illegally further communicated with the Plaintiffs by placing a call to Plaintiffs and leaving a voice mail message.

53. Debt collector Amber's illegal conduct included making the following disclosures on Plaintiffs' voice mail;

- Debt collector Amber was calling in an effort to communicate with Kelly James.
- Debt collector Amber was calling and communicating from "CRI".
- Debt collector Amber was a debt collector.
- Debt collector Amber was attempting to collect a debt.
- Mrs. James was to return the call to CRI.
- When calling Mrs. James was to use reference number 1112165.

54. On May 3, 2012, Mrs. James obtained her credit report from the consumer reporting agency Experian.

55. The credit report contains 1 derogatory tradeline by CRI, account number 1112165, in direct violation of the lawfully executed Settlement Agreement.

56. On May 3, 2012, Mrs. James disputed the 1 CRI tradeline with Experian pursuant to 15 U.S.C. § 1681i(a)(1).

57. Experian did not notify Mrs. James at any time that the dispute was considered frivolous or irrelevant, or that Mrs. James had failed to provide sufficient information to investigate the disputed information.

58. On May 25, 2012, Experian responded that CRI verified the information as correct.

59. CRI's verification to Experian is in direct violation of the lawfully executed Settlement Agreement.

60. Again on May 17, 2012, on or about 8:54am, a debt collector working under the direct authority and supervision of CRI, advising her name was Amber, voluntarily, while uninvited and in direct violation of the lawfully executed Settlement Agreement, intruded into the home of the Plaintiffs' and illegally further communicated with the Plaintiffs by placing a call to Plaintiffs and leaving a voice mail message.

61. Debt collector Amber's illegal conduct included making the following disclosures on Plaintiffs' voice mail;

- Debt collector Amber was calling in an effort to communicate with Kelly James.
- Debt collector Amber was calling and communicating from "CRI".
- Debt collector Amber was a debt collector.
- Debt collector Amber was attempting to collect a debt.
- Mrs. James was to return the call to CRI.
- When calling Mrs. James was to use reference number 1112165.

62. Again on July 3, 2012, on or about 12:58pm, a debt collector working under the direct authority and supervision of CRI, advising her name was Nancy, voluntarily, while uninvited and in direct violation of the lawfully executed Settlement Agreement, intruded into the home of the Plaintiffs' and illegally further communicated with the Plaintiffs by placing a call to Plaintiffs and leaving a voice mail message.

63. Debt collector Nancy's illegal conduct included making the following disclosures on Plaintiffs' voice mail;

- Debt collector Nancy was calling in an effort to communicate with Kelly James.
- Debt collector Nancy was calling and communicating from "CRI".
- Debt collector Nancy was a debt collector.
- Debt collector Nancy was attempting to collect a debt.
- Mrs. James was to return the call to CRI.
- When calling Mrs. James was to use reference number 1112165.

64. On or about July 5, 2012, CRI mailed or caused to be mailed, under the direct authority and supervision of CRI, voluntarily, and in direct violation of the lawfully executed Settlement Agreement, a demand letter to Mrs. James alleging money owed for an account placed with CRI for collection, account number 1112165.

65. On July 9, 2012, Mrs. James mailed a letter to CRI advising CRI that the debt alleged in CRI's July 5, 2012 letter was resolved by the Settlement Agreement and that CRI should not be contacting her about the alleged debt.

66. On or about July 17, 2012, CRI mailed or caused to be mailed, under the direct authority

and supervision of CRI, willfully, recklessly, and with complete disregard to the lawfully executed Settlement Agreement, a demand letter to Mrs. James alleging money owed plus interest for account number 1112165 placed with CRI for collection.

67. The July 17, 2012 demand letter closes with "

Sincerely;

Charlene
Legal Department
Capitol Recoveries, Inc."

## VIII. COUNT 1 FDCPA VIOLATIONS

68. The allegations of all above paragraphs of this Complaint are realleged and incorporated by reference. The Defendants violation of the FDCPA include but are not limited to the following:

69. Defendant CRI, on or about the dates of February 15, 2012 through July 17, 2012 violated the FDCPA, specifically 15 U.S.C. §1692d, 1692e, and 1692f. Defendant CRI violated the FDCPA by communicating in an oppressive, abusive and harassing manner, with the intent to annoy, oppress, and harass. As a result of Defendant CRI's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

70. Defendant CRI, on or about the dates of March 16, 2012, May 17, 2012, and July 3, 2012 violated the FDCPA, specifically 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(14), 1692f. Defendant CRI used a name other than the true name of the debt collector's company in the voice mail messages left. As a result of Defendant CRI's violation of the FDCPA, Plaintiffs are

entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

71. Defendant CRI, on or about the dates of February 15, 2012 through July 17, 2012 violated the FDCPA, specifically 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f. Defendant CRI should not have contacted Mrs. James about alleged account number 1112165. Defendant CRI knew or should have known that the matter was resolved by the Settlement Agreement. As a result of Defendant CRI's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

72. Defendant CRI, on or about February 2012, violated the FDCPA, specifically 15 U.S.C. § 1692e(2), and 1692f. Defendant CRI misrepresented the character, amount, and legal status of the alleged debts with the information provided to Experian. As such it is a violation of 15 U.S.C. § 1692e(2), and 1692f. As a result of Defendant CRI's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

73. Defendant CRI, on or about the dates of February 15, 2012 through July 17, 2012, violated the FDCPA, specifically 15 U.S.C. § 1692e(10). Defendant CRI used false, deceptive, and misleading representations in their communication, actions, and conduct with the Plaintiffs. Defendant CRI represented themselves to the Plaintiffs as a collection agency that was collecting a debt that was not included in the Settlement Agreement. As a result of Defendant CRI's violations of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an

amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

74. Defendant CRI's violation of Wyoming state law, in regards to engaging in deceptive practices are a violation of the FDCPA. A violation of state law constitutes a violation of the FDCPA, because the state law violation is a violation which involves false, deceptive, or misleading representations. *See, Carlon vs First Revenue Assurance, 359 F3d. 1015 (8th Cir. 2004).* As a result of Defendant CRI's violations of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

## IX. COUNT 2 VIOLATIONS OF THE FCRA

75. The allegations of all above paragraphs of this Complaint are realleged and incorporated by reference. The Defendant's violation of the FCRA include but are not limited to the following:

76. Defendant CRI regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

77. Defendant CRI failed to review all relevant information provided by Experian. As such it is a violation of 15 U.S.C. 1681i(a)(2), and 15 U.S.C. § 1681s-2(b)(1)(B). As a result of Defendant CRI's violation of the FCRA, Plaintiffs are entitled to actual damages, punitive damages, statutory damages up to $1000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1681n.

78. Defendant CRI failed to conduct a reasonable investigation with respect to the disputed information, after Mrs. James's notice of dispute was received at the office of CRI. As such it is

a violation of 15 U.S.C. § 1681s-2(b)(1). As a result of Defendant CRI's violation of the FCRA, Plaintiffs are entitled to actual damages, punitive damages, statutory damages up to $1000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1681n.

79. Defendant CRI failed to report the results of the investigation to Experian. As such it is a violation of 15 U.S.C. § 1681s-2(b)(1)(C). As a result of Defendant CRI's violation of the FCRA, Plaintiffs are entitled to actual damages, punitive damages, statutory damages up to $1000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1681n.

80. Defendant CRI failed to report the results of the investigation findings to Experian that the information provided by such person was incomplete or inaccurate. As such it is a violation of 15 U.S.C. § 1681s-2(b)(1)(D). As a result of Defendant CRI's violation of the FCRA, Plaintiffs are entitled to actual damages, punitive damages, statutory damages up to $1000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1681n.

81. Defendant CRI failed to find that the information disputed by Mrs. James was inaccurate and/or incomplete. As such it is a violation of 15 U.S.C. § 1681s-2(b)(1)(E). As a result of Defendant CRI's violation of the FCRA, Plaintiffs are entitled to actual damages, punitive damages, statutory damages up to $1000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1681n.

82. Defendant CRI failed to modify the disputed items of information. As such it is a violation of 15 U.S.C. § 1681s-2(b)(1)(E)(i). As a result of Defendant CRI's violation of the FCRA, Plaintiffs are entitled to actual damages, punitive damages, statutory damages up to $1000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1681n.

83. Defendant CRI failed to delete the disputed items of information. As such it is a violation of 15 U.S.C. § 1681s-2(b)(1)(E)(ii). As a result of Defendant CRI's violation of the FCRA, Plaintiffs are entitled to actual damages, punitive damages, statutory damages up to $1000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1681n.

84. Defendant CRI failed to permanently block the disputed items of information. As such it is a violation of 15 U.S.C. § 1681s-2(b)(1)(E)(iii). As a result of Defendant CRI's violation of the FCRA, Plaintiffs are entitled to actual damages, punitive damages, statutory damages up to $1000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1681n.

85. Defendant CRI in response to the notice of investigation from Experian, verified that the disputed information was accurate and complete, even though they were in possession of information which showed that the tradeline was inaccurate. The fact that this was done in response to an investigation request from Experian is evidence of willful noncompliance on the part of CRI.

86. Defendant CRI continues to report inaccurate and/or incomplete information to Experian.

## X. COUNT 3 VIOLATIONS OF WCPA

87. The allegations of all above paragraphs of this Complaint are realleged and incorporated by reference. The Defendants violation of the WCPA include but are not limited to the following:

88. Defendant CRI's communication with the Plaintiffs, on or about July 17, 2012 was made while conducting the business of a collection agency and a debt collector in the state of Wyoming.

89. Plaintiff Mrs. James' July 9, 2012 letter gave CRI the statutorily required notice in writing to cure the unlawful deceptive trade practices.

90. Defendant CRI recklessly and willfully chose to continue to demand payment for an alleged debt that was resolved by the Settlement Agreement.

91. Defendant CRI knew or should have known that they were trying to collect a debt that was uncollectable and resolved by the Settlement Agreement. As a result of Defendant CRI's violation of the WCPA, Plaintiffs are entitled to actual damages pursuant to Wyoming Statutes Annotated § 40-12-108.

## XI. COUNT 4 BREACH OF CONTRACT – SETTLEMENT AGREEMENT

92. The allegations of all above paragraphs of this Counterclaim are realleged and incorporated by reference.

93. Pursuant to the terms of the Settlement Agreement, Defendant CRI agreed to write off any and all debts placed for collection and stop collection activities.

94. By knowingly engaging in collection activities with respect to account number 1112165 on or about February 15, 2012 through the present, Defendant CRI breached the Settlement Agreement.

95. As a direct and proximate result of Defendant CRI's breach of the Settlement Agreement, Plaintiffs have suffered damages.

## XII. COUNT 5 TORTS VIOLATIONS

96. The allegations of all above paragraphs of this Counterclaim are realleged and incorporated by reference. Defendant CRI engaged in extreme, outrageous, and unreasonable

acts with respect to Plaintiffs with a willful intent to harass and injure them, and invade their privacy.

97. As indicated above, Defendant violated the FDCPA, FCRA and WCPA. Thus, Plaintiff violated a statutory duty that gives rise to a tort (tort-in-se).

98. Defendant CRI's violation of a statutory duty led to Plaintiffs being injured.

99. A violation of a statutory duty to another may be a tort, and a violation of a statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the statute itself.

100. Defendant CRI intended to harass and cause Plaintiffs to suffer emotional distress, and/or negligently engaged in outrageous conduct with reckless disregard of the probability of negligently causing Defendant to suffer emotional distress, and invasion of privacy.

101. Defendant CRI willfully invaded the privacy of Plaintiffs by sending letters, placing calls to the Plaintiffs, and leaving voice mail messages that violated the legally executed Settlement Agreement.

102. Defendant CRI in the Prior Action were the superior party and enjoyed exceptional legal resources tipping the balance of fairness against Plaintiffs.

103. Defendant CRI being the superior party has engaged in grievous and perfidious misconduct.

104. Defendant CRI knowingly, willfully, deliberately, and repeatedly ignored the Settlement Agreement by attempting to collect account number 1112165.

105. As a result of Defendant CRI's actions, Defendant has violated the implied covenant of

good faith and fair dealing contained in the Settlement Agreement and as a result Plaintiffs are entitled to relief.

106. As a direct and proximate result of Defendant CRI's outrageous conduct, Plaintiffs suffered emotional distress and invasion of privacy.

## XII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, George James and Kelly James, respectfully requests this honorable Court find in their favor and enter judgment against the Defendant for the following:

a. Declaratory judgment ruling and finding Capitol Recoveries, Inc. violated the Wyoming Consumer Protection Act, Wyoming Statutes Annotated § 40-12-101 *et seq*. Specifically, engaging in deceptive trade practices in the state of Wyoming;

b. Statutory damages of $1,000 per Plaintiff, pursuant to FDCPA 15 U.S.C. § 1692k;

c. Actual damages of $5,000, and up to an amount proven at trial, pursuant to FDCPA 15 U.S.C. § 1692k for emotional distress and invasion of privacy;

d. Statutory damages of $7,000 pursuant to FCRA 15 U.S.C. § 1681n(a)(1)(A) for each month the derogatory tradeline remains on Plaintiff Mrs. James's consumer report;

e. Punitive damages of $10,000 pursuant to FCRA 15 U.S.C. § 1681n(a)(2) for negligent and willful violations;

f. Punitive damages of $50,000 pursuant to breach of implied covenant of good faith and fair dealing;

g. Court costs, service costs, and reasonable attorneys fees;

h. Such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, George James and Kelly James, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

Date: August 9, 2012

_____
Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
kj_james71@yahoo.com
307-635-3119

_____
George James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
gjames1@gmail.com
307-635-3119